UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID ARLON SIMPSON, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-1200 |
| | ) CHIEF JUDGE CRENSHAW |
| PEGGY L. LARGE, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

David Arlon Simpson, proceeding *pro se*, has filed a civil rights complaint against Peggy L. Large. (Doc. No. 1.) Before the court is the plaintiff's application to proceed *in forma pauperis* (Doc. Nos. 2, 8) In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from his submissions that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF Nos. 2, 8) will be granted.[1]

However, under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

---

[1] Despite the Court having twice ordered Plaintiff to file a certified copy of his trust fund account statement, the Plaintiff has not done so. Nevertheless, Plaintiff has filed a completed application to proceed *in forma pauperis* and has submitted a print-out of his trust fund account information. This information is sufficient to allow the Court to rule on his request to proceed as a pauper.

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Initial Review of the Complaint

### A. Background and Factual Allegations

On March 30, 2012, Senior Judge W. Earl Britt, of the United States District Court for the Eastern District of North Carolina issued an order civilly committing Plaintiff after finding that he is a sexually dangerous person under 18 U.S.C. § 4248 part of the Adam Walsh Child Protection and Safety Act of 2006 (hereinafter "the Act"). (See United States of America v. Simpson, Case No. 5:09-hc-02075-BR (E.D.N.C.) (Britt, J.) Doc. No. 52.)[2] The District Court's finding was affirmed on appeal. (Id. at Doc. No. 64.) On February 14, 2018, Plaintiff filed a *pro se* Motion for Order to Transfer Defendant to Tennessee. (Id. at Doc. No. 79.) In his Motion, Plaintiff sought an order of the Court transferring him to the state of Tennessee. (Id.) The Court denied Plaintiff's Motion, finding that Plaintiff's request for transfer was dependent upon a state accepting responsibility for Plaintiff's care and treatment pursuant to 18 U.S.C. § 4247(i) and 18 U.S.C. § 4248(g), and the state of Tennessee had not responded to Plaintiff's attempts to be transferred to that state. (Doc. No. 1 at Page ID## 1-2.) Additionally, the Court found that under § 4247(i), the Attorney General is directed to determine whether a particular facility is suitable for a civilly committed person, and Plaintiff had not shown that FCI Butner was an unsuitable facility, only that he would prefer to be housed elsewhere. (Id. at Page ID# 2.)

---

[2] See Fed. R. Evid 201; Schreane v. Patterson, No. 1:12-cv-323, 2014 WL 415957, at *3 (E.D. Tenn. Feb. 4, 2014) (recognizing that [a]lthough the district courts ordinarily do not consider matters outside the civil rights complaint when deciding whether to dismiss it for failure to state a claim, they may consider public records and any other matters of which the court may take judicial notice under Rule 201(b) of the Federal Rules of Evidence. (internal citations omitted).)

In his Complaint, Plaintiff alleges that he was civilly committed by the United States District Court in North Carolina. (Doc. No. 1 at Page ID# 2.) Plaintiff alleges that "the Treatment Team has submitted a written request in the plaintiffs [sic] behalf sending to the Tennessee Interstate Complex Coordinator to exercise the Plaintiffs [sic] Liberty Interests of Travel and Taking Up Residence in the State of Tennessee; To obtain Tennessee Employment and obtain Medicaid and/or Insurance within Tennessee" (Id. (emphasis in original)) Plaintiff further alleges that "[t]he defendant has refused to cooperate with the plaintiffs exercise of his liberty interests, has denied Medicaid from the state resources, and bars the necessary residency in Tennessee to obtain insurance for low income persons in Tennessee." (Id.)

As relief, Plaintiff seeks "complete Due Process, and protect the plaintiffs [sic] right to travel and take up residency in Tennessee; thus allowing employment in Tennessee and obtaining Medicaid and/or insurance under Tennessee provisions for their residents, upon guaranteeing travel and resi[d]ency." (Id. at Page ID# 3.)

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded

3

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### C. Discussion

Plaintiff is presently housed at Federal Correctional Institute, Butner Medium I.

4

Plaintiff's allegations do not suggest that he will be released from confinement anytime soon. Moreover, the Bureau of Prisons Inmate Locator site identifies Plaintiff's release date as "unknown." As such, Plaintiff's claim can only be understood as a claim that, like the claim he raised in February before the Eastern District of North Carolina, he wishes to be transferred to a facility within the state of Tennessee and, despite a letter form the treatment team, the Defendant has denied his request. Plaintiff alleges that this denial amounts to a due process violation.

Initially, it bears noting that Plaintiff does not suggest that his current placement is inappropriate. Traylor v. Lanigan, No. CV 16-7691(MCA), 2017 WL 2364189, at *7 (D.N.J. May 31, 2017) (noting that "the Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment" citing Bell v. Wolfish, 441 U.S. 520, 536 (1979).) Rather, he only wishes to be moved somewhere else.[3]

The due process clause applies to those persons who are civilly committed. See e.g. Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 848–49 (6th Cir. 2002) (noting that "[t]he mere fact that the decedent was involuntarily committed under proper procedures does not deprive him of all substantive liberty interests under the Fourteenth Amendment. The liberty interest that one retains is not, however, absolute.") Civilly committed persons, however, have no right to be housed in an institution of their choosing. See e.g. Graham v. Sharp, Civil Action No. 10-5563 (SRC), 2011 WL 2491347, at * 7 (D.N.J. 2011)(finding no due process violation where civilly committed Plaintiff was transferred, against his wishes, to a special unit within a prison facility); Harris v. Christie, No. CIV.A. 10-2402 (SRC), 2010 WL 2723140, at *6 (D.N.J. July 7, 2010) (same); A.M. ex rel. Youngers v. New Mexico Dep't of Health, 117 F. Supp. 3d

---

[3] While not necessary to the determination of the issue herein, the Court notes that Plaintiff does not suggest why he wishes to be moved to the state of Tennessee. The available facts do not suggest that he has any particular ties to the state, other than that he was arrested and convicted in this state.

1220, 1264 (D.N.M. 2015) (noting that "[i]mplicit in [the civil commitment statutory] framework is a state right to transfer civilly committed individuals.") See also, Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(inmate has no justifiable expectation that he will be incarcerated in any particular prison or state); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoner has no right to be transferred to facility closer to family). As such, Defendant's failure to allow Plaintiff to transfer to an institution in the state of Tennessee does not violate the Plaintiff's right to due process. As Judge Britt noted, it is the Attorney General who is responsible for determining whether a particular facility is suitable for a civilly committed person. In other words, Plaintiff does not simply get to choose where he is housed.

Because Plaintiff has no right to be transferred to a facility of his choosing, he fails to state a claim upon which relief can be granted against Defendant Large.

### III. Motion for Waiver

Plaintiff's Motion seeking waiver of the term "prisoner" will be denied as moot.

### IV. Conclusion

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted against any defendant, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE