# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID ARLON SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-1200 |
| ) | CHIEF JUDGE CRENSHAW |
| PEGGY L. LARGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

By Order entered April 16, 2018 (Doc. No. 10), the Court dismissed this civil rights action filed by David Arlon Simpson, a civil detainee proceeding pro se and in forma pauperis, because his complaint failed to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court assessed the full $350 filing fee applicable to prisoners and directed that the fee be collected from Plaintiff's inmate trust fund account in installments, pursuant to the applicable provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). (Doc. No. 10 at 1–2.)

Now pending before the Court is Plaintiff's Rule 60(b) Motion for Relief from Judgment or Order (Doc. No. 11), in which Plaintiff asks the Court to revisit its ruling on the merits of the complaint and assessment of the full filing fee pursuant to the PLRA. As further explained below, and by Order entered contemporaneously herewith, the Court will deny relief from its prior Order insofar as the merits of the complaint are concerned, but will grant relief from the Order insofar as it required Plaintiff to pay the filing fee.

I.  **Background**

On March 30, 2012, Senior Judge W. Earl Britt, of the United States District Court for the Eastern District of North Carolina, ordered Plaintiff's civil commitment to the custody of the Attorney General upon finding that he is a sexually dangerous person under 18 U.S.C. § 4248, part of the Adam Walsh Child Protection and Safety Act of 2006. U.S. v. Simpson, 531 F. App'x 402 (4th Cir. 2013), aff'g No. 5:09-hc-02075-BR-JG (E.D.N.C. 2012) (Britt, J.); (see Doc. No. 9 at 2). "The Walsh Act 'provides that individuals in the custody of the Bureau of Prisons (BOP) who are sexually dangerous may be committed civilly after the expiration of their federal prison sentences.'" Simpson, 531 F. App'x at 402 (quoting United States v. Francis, 686 F.3d 265, 268 (4th Cir. 2012)).

Pursuant to this commitment, Plaintiff is a civil detainee at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). He filed his complaint in this Court in order to challenge the denial of his treatment team's request that he be transferred from FCI Butner to a correctional facility in Tennessee. (Doc. No. 1 at 2.) The Court dismissed the complaint for failure to state a claim, "[b]ecause Plaintiff has no right to be transferred to a facility of his choosing." (Doc. No. 9 at 6.)

II.  **Motion to Reopen Ruling on the Merits**

A motion under Rule 60(b) may seek relief from a judgment or order on certain grounds enumerated in the rule, but it is not a substitute for appeal of the court's decision. E.g., Rosenberg v. City of Kalamazoo, 3 F. App'x 435, 436 (6th Cir. 2001) ("A Fed. R. Civ. P. 60(b) motion may not be used as a substitute for an appeal[.]"). The rule provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Without identifying any of the above reasons for seeking relief, Plaintiff's Rule 60(b) motion asks the Court to "[r]eopen this Due Process case and address the right to [t]ravel, [t]ake [up] [residence], and [a]ssociate with the staff and doctors in the [Tennessee] facilities" where he desires to be transferred. (Doc. No. 11 at 2–3.) Plaintiff contends that the Court ignored his due process claim. (Id. at 2.) However, the Court explicitly found that, while "[t]he due process clause applies to those persons who are civilly committed," such persons "have no right to be housed in an institution of their choosing." (Doc. No. 9 at 5.) The Court further found that:

> Defendant's failure to allow Plaintiff to transfer to an institution in the state of Tennessee does not violate the Plaintiff's right to due process. As Judge Britt noted, it is the Attorney General who is responsible for determining whether a particular facility is suitable for a civilly committed person. In other words, Plaintiff does not simply get to choose where he is housed.

(Doc. No. 9 at 6.)

A motion to reopen a case for reconsideration of an issue is not proper under Rule 60(b). Williams v. Sahli, 292 F.2d 249, 251 (6th Cir. 1961). In seeking such relief, Plaintiff essentially

3

seeks to appeal the Court's prior ruling. To that extent, the motion is improper and therefore must be denied.

## III. Assessment of the Filing Fee Under the PLRA

### A. Propriety of the Motion

As noted above, Rule 60(b)(1) allows a court, "[o]n motion and just terms," to relieve a party from a final order or judgment in the event of, e.g., mistaken application of the law. Fed. R. Civ. P. 60(b)(1); Daniel v. DTE Energy Co., 592 F. App'x 489, 490 (6th Cir. 2015). Plaintiff argues in his Rule 60(b) motion that, as a person civilly committed under 18 U.S.C. § 4248, he does not meet the PLRA's definition of "prisoner," and thus is not liable for the filing fee this Court assessed against him under 28 U.S.C. §1915(b).

The Sixth Circuit has construed Rule 60(b)(1) to allow reconsideration of a mistaken point of law "when relief from judgment is sought within the normal time for taking an appeal." Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983); Daniel, 592 F. App'x at 490. This construal "serves the best interest of the justice system by avoiding unnecessary appeals and allowing correction of legal error if and when made and the trial court has been satisfied that an error was committed." Barrier, 712 F.2d at 234–35. Under Federal Rule of Appellate Procedure 4, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The Order assessing the filing fee against Plaintiff was entered on April 16, 2018, giving Plaintiff until May 16, 2018 to seek relief under Rule 60(b)(1). While Plaintiff's motion was not received by this Court until May 24, 2018, the envelope in which it arrived bears a stamp indicating that it was "processed through special mailing procedures" on May 18, 2018. (Doc. No. 11 at 5.) The motion itself is undated.

4

Under the prison mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the day that it is delivered to prison authorities for mailing to the court clerk. U.S. v. Smotherman, 838 F.3d 736, 737 (6th Cir. 2016) (citing, e.g., Houston v. Lack, 487 U.S. 266, 276 (1988)). The prison mailbox rule is memorialized in Rule 4(c) of the Federal Rules of Appellate Procedure, which provides in pertinent part that, "[i]f an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing" and is accompanied by "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A)(ii). The evidence in this case shows that, at the latest, Plaintiff delivered his motion to prison authorities by May 18, 2018—two days after the expiration of the "normal time for taking an appeal." Barrier, 712 F.2d at 234.

However, while Rule 4's time limits are "mandatory and jurisdictional" when it comes to properly noticing an appeal, Ultimate Appliance CC v. Kirby Co., 601 F.3d 414, 415 (6th Cir. 2010), they need not be so rigidly applied when incorporated into a Rule 60(b) analysis. See Tanner v. Yukins, 776 F.3d 434, 441 (6th Cir. 2015) ("Rule 60(b) thus differs from Rule 4(a)(6) because it provides the district court with a mechanism for accommodating equitable considerations other than the notice problems at the heart of Rule 4(a)(6)[.]"); Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010) (recognizing "that Rule 60(b), which is inherently equitable in nature, empowers district courts to revise judgments when necessary to ensure their integrity"). In this case, where the record allows for the possibility that Plaintiff deposited his motion in the prison's internal mail system on or before May 16, 2018 (the last day for filing), and particularly because he had notified the Court of his argument that the PLRA did not apply to him prior to the fee assessment (see Doc. No. 5, "Plaintiff's Motion Seeking Waiver of the Term 'Prisoner' to Civil

5

Detainees Who Are Not Associated With Criminal Punishment"), the Court finds it proper to consider Plaintiff's argument for relief from the fee assessment under Rule 60(b)(1).

B. **Applicability of the PLRA**

The PLRA requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The PLRA further states that, "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Plaintiff argues that he was not properly found liable for the filing fee because, as a civil detainee who does not have any criminal charges pending against him, he does not meet the PLRA's definition of a "prisoner." Plaintiff does not cite any Sixth Circuit case in support of his argument, nor has the Court found any case where the Sixth Circuit has considered this issue.[1] Plaintiff instead refers to cases cited in his earlier motion (Doc. No. 5), including Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002).

---

[1] District courts within the Sixth Circuit have cited other circuit courts when addressing this distinction between prisoners and civil detainees. See Berry v. Midland Cnty. Jail, No. CV 17-11154, 2017 WL 4855860, at *2 (E.D. Mich. Sept. 6, 2017) ("Although a 'civil detainee' is not a 'prisoner' within the meaning of the PLRA, Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005), a complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal if it . . . fail[s] to state a claim[.]'"), report and recommendation adopted sub nom. Berry v. Jail, No. 17-11154, 2017 WL 4842068 (E.D. Mich. Oct. 26, 2017); see also Rivadeneira v. Dep't of Homeland Sec., No. 3:15CV-P548-GNS, 2015 WL 4776906, at *1 n.1 (W.D. Ky. Aug. 12, 2015) ("An immigration detainee who does not also face criminal charges is not a prisoner under 28 U.S.C. §1915(h) and is therefore not subject to the [PLRA]") (citing Andrews, 398 F.3d at 1122; LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998); Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997)).

In Troville, the Eleventh Circuit considered whether the PLRA's full-payment provision applied to a civil detainee who was confined in a correctional facility pending a hearing to determine whether he should be involuntarily detained under the Florida sexual predator law. The Troville court found that "the PLRA's straightforward definition of 'prisoner' . . . appl[ies] only to persons incarcerated as punishment for a criminal conviction," while "[c]ivil detention is by definition non-punitive"; it therefore held that the PLRA fee provisions did not apply to Troville. Id. at 1260.

The case upon which the Troville court principally relied, Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000), also considered the application of the PLRA to an inmate whose civil commitment pursuant to a state sexual predator statute began after completion of the inmate's criminal sentence. The Page court noted that, "[r]ead broadly, [the PLRA definition of 'prisoner'] could arguably be interpreted to include individuals-such as Page-who are currently detained and who *have in the past been* accused of, convicted of, or sentenced for a criminal offense." Id. at 1139 (emphasis in original). However, the court determined that this broad reading would produce an absurd, overly inclusive result, while the plain reading of the definition as including only those individuals currently detained as a result of a criminal charge, conviction, or sentence would produce a plausible result, and therefore was preferred. Id. Accordingly, the court held that "although Page was a 'prisoner' within the meaning of the PLRA when he served time for his conviction," "[h]is current detention is not part of the punishment for his criminal conviction but rather a civil commitment for non-punitive purposes," and the PLRA therefore did not apply to him. Id. at 1140.

Finally, this Court takes note of the Tenth Circuit's decision in Merryfield v. Jordan, 584 F.3d 923 (10th Cir. 2009), a decision that relied upon both Troville and Page, as well as "[o]ther circuit courts [that] have unanimously concluded that individuals who are civilly committed are

7

not 'prisoners' within the meaning of the PLRA." Id. at 927 (citing Michau v. Charleston Cnty., 434 F.3d 725, 727 (4th Cir. 2006); Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001)); see also Aruanno v. Davis, 679 F. App'x 213, 214 n.4 (3d Cir. 2017) ("The District Court's conclusion that Aruanno does not meet the PLRA's definition of "prisoner" comports with the holdings of our sister courts that have reached the issue.") (citing Merryfield, 584 F.3d at 927). In Merryfield, the Tenth Circuit held that the PLRA fee payment provisions did not apply to an inmate who "was previously incarcerated for a criminal violation," and whose "civil commitment and detention are not the result of" such a violation but are "due to a finding that he poses a future danger." Id. The Tenth Circuit therefore vacated the district court's imposition of a § 1915(b) installment plan for payment of the appellate filing fee, and "instruct[ed] the district court to reconsider any previous assessments that may have been imposed on Mr. Merryfield while detained under the [Kansas sexual predator statute]." Id.

In the case at bar, as in the cases of the detainee-plaintiffs discussed above, Plaintiff's "current detention is not part of the punishment for his criminal conviction but rather a civil commitment for non-punitive purposes." Page, 201 F.3d at 1140. Therefore, in light of what appears to be a circuit court consensus on this issue, the Court finds that Plaintiff is not a prisoner as defined in § 1915(h), and is not liable to pay the filing fee under § 1915(b)(1). The Court will set aside its assessment of the fee against him.

**IV.     Conclusion**

Accordingly, Plaintiff's Rule 60(b) motion (Doc. No. 11) will be granted in part and denied in part. The motion will be denied to the extent that it seeks reconsideration of the merits of Plaintiff's complaint. The motion will be granted to the extent that it seeks relief from the Court's April 16, 2018 Order assessing the filing fee. The Clerk of Court will be directed to cease

8

collection from Plaintiff's inmate trust fund account of any such filing fee payments, and to refund to that account all payments collected to date.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE